UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSELL THOMAS                                    CIVIL ACTION NO.

VERSUS                                            19-CV-741-SDD-SDJ

AMERITAS INSURANCE CORP.
AND JOHNNY ALFRED

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Plaintiff, Russell Thomas ("Thomas"). Defendant Ameritas Life Insurance Corp. ("Ameritas") filed an *Opposition*[2] to this *Motion*. Ameritas also filed its own *Motion for Summary Judgment*.[3] Thomas filed an *Opposition*[4] to this *Motion*, to which Ameritas filed a *Reply*.[5] *For* the following reasons, the Court finds that both parties' *Motions* should be denied.

## I.  FACTUAL BACKGROUND

This case is a life insurance dispute. Thomas attempted to obtain life insurance through Ameritas for his son, De'shon Murphy ("Murphy").[6] Thomas worked with Johnny J. Alfred ("Alfred"), an alleged agent of Ameritas, to submit the application.[7] In conjunction with the application for life insurance, Thomas and Alfred completed a "Temporary Insurance Agreement" ("TIA").[8] Tragically, on October 18, 2018, while the insurance

---

[1] Rec. Doc. No. 21.
[2] Rec. Doc. No. 26.
[3] Rec. Doc. No. 22.
[4] Rec. Doc. No. 27.
[5] Rec. Doc. No. 35.
[6] Rec. Doc. No. 21-3, p. 1; Rec. Doc. No. 22-1, p. 3.
[7] Rec. Doc. No. 21-3, p. 1; Rec. Doc. No. 22-1, p. 3.
[8] Rec. Doc. No. 21-3, p. 1; Rec. Doc. No. 22-1, p. 3.

application was in underwriting, Murphy was killed in a car accident.[9] Thomas made a claim under the TIA; Ameritas denied the claim, citing alleged material misrepresentations on the application for insurance and TIA itself.[10]

## II.    THE PARTIES' ARGUMENTS

Ameritas contends that it is entitled to the recission defense set forth in La. R.S. § 22:860, which allows insurers to rescind a life insurance contract when the insured made material misrepresentations on the application with intent to deceive.[11] Thomas argues that he is entitled to summary judgment because Ameritas is not entitled to that affirmative defense.[12] Ameritas also asserts that the TIA was purportedly executed between Murphy and Ameritas, but Thomas testified in his deposition that Murphy had no involvement in the process.[13] As such, argues Ameritas, there could not have been a contract between Murphy and Ameritas because Murphy did not consent to contract and there was no meeting of the minds.[14] Ameritas further argues that, because the contract was purportedly signed by Murphy, but Murphy was not involved, Ameritas' consent to contract is vitiated by that fraud.[15] Thomas asserts that Alfred signed Murphy's name, and moreover, that the misrepresentations and other inadequacies in the insurance application and TIA are attributable to Alfred, who Plaintiff contends was acting as Ameritas' agent.[16]

---

[9] Rec. Doc. No. 21-3, p. 1; Rec. Doc. No. 22-1, p. 3.
[10] Rec. Doc. No. 21-3, p. 1; Rec. Doc. No. 22-1, pp. 3–4.
[11] Rec. Doc. No. 22-1, pp. 15–24.
[12] Rec. Doc. No. 21-3, pp. 2–5.
[13] *Id*. at pp. 9–11.
[14] *Id*. at pp. 15–24.
[15] *Id*. at pp. 14–16.
[16] Rec. Doc. No. 27, pp. 1–7.

### III. LAW AND ANALYSIS - Summary Judgment Standard

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[17] This determination is made "in the light most favorable to the opposing party."[18] A party moving for summary judgment "'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[19] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[20] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[21]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[22] All reasonable factual inferences are drawn in favor of the nonmoving party.[23] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely

---

[17] FED. R. CIV. P. 56(a).
[18] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[19] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).
[20] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[21] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[22] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[23] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

how this evidence supports his claim."[24] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiffs [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"[25]

Genuine issues of material fact exist as to Alfred's purported agency, which is a critical question because if he was acting as an agent for Ameritas, and, as Plaintiff argues and attested, he filled out the insurance application and TIA, then Ameritas may be liable for Alfred's actions and representations.[26] Ameritas disclaims Alfred's agency.[27] Thomas testified in his deposition that Alfred was Ameritas' agent, and the sequence of events leading up to the submission of the insurance application and signing of the TIA are consistent with an agency relationship.[28] Due to this factual dispute, the Court is unable to determine the scope of Alfred's purported agency, and as such, the degree to which Ameritas may be bound by his purported actions and statements. Neither parties' *Motion* can be granted on these grounds.

Turning to the affirmative defense provided by La. R.S. 22:860, Ameritas must show: (1) Thomas' statements were false, (2) Thomas' statements were made with an actual intent to deceive, and (3) Thomas' false statements materially affected either the acceptance of the risk or hazard assumed by Ameritas.[29] Ameritas identified numerous

---

[24] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[25] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[26] *Raymond v. Zeringue*, 422 So. 2d 534, 536 (La. Ct. App. 1982) (citing *Harris v. Guaranty Income Life Insurance Company*, 75 So.2d 227 (La.1954)).
[27] Rec. Doc. No. 35, p. 2.
[28] For example, Thomas testified in his deposition that Alfred represented to him that the TIA would bind Ameritas to provide limited coverage in the event something occurred between the submission of the insurance application and its approval. Rec. Doc. No. 21-2, p. 15.
[29] *Foster v. United of Omaha Life Ins. Co.*, 442 F. App'x 922, 926 (5th Cir. 2011); La. R.S. § 22:860; *Johnson v. Occidental Life Ins. Co. of Ca.*, 368 So.2d 1032, 1036 (La.1979) (holding that each of these elements

false statements on the insurance application and TIA agreement.[30] Plaintiff does not dispute that the statements were false. Ameritas Vice President of Underwriting attested via affidavit that, had Thomas not misrepresented the facts, Ameritas would have denied Murphy's coverage or increased the premium based on his actual medical history, which makes the misrepresentations material.[31] Thomas does not dispute this.

Most notably, the intent to deceive prong is in dispute. "[S]trict proof of fraud is not required to show intent to deceive."[32] Ameritas bears the burden of showing intent to deceive.[33] "The intent to deceive must be determined from the attending circumstances which indicate the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the insured recognized the materiality of the misrepresentations."[34] "Because the 'intent to deceive' element can only be proven with circumstantial evidence, it is not easily established at the summary judgment stage."[35] "Though summary judgment is rarely proper when an issue of intent is involved, the presence of an intent issue does not automatically preclude summary judgment; the case must be evaluated like any other to determine whether a genuine issue of material fact exists."[36] "Indeed, because summary judgment is not well suited to cases involving state of mind[:]"[37]

---

must be met in order to rescind policy, notwithstanding the apparently disjunctive language of the statute); *Swain ex rel. Estate of Swain v. Life Ins. Co. of La.*, 537 So.2d 1297, 1299 (La.Ct.App.1989) (same).
[30] Rec. Doc. No. 22-1, pp. 18–20 and citations therein.
[31] Rec. Doc. No. 22-3, pp. 1–6.
[32] *State Farm Mut. Auto. Ins. Co. v. Bridges*, (La. App. 2 Cir. 5/19/10), 36 So. 3d 1142, 1147.
[33] *Id.* (citing *Cousin v. Page*, 372 So.2d 1231 (La.1979)).
[34] *Id.*
[35] *Smith v. Liberty Life Ins. Co.*, 2012 WL 6162757, at *3 (E.D. La. Dec. 11, 2012) (citing *Guillory v. Domtar Indus. Inc. v. John Deere Co.*, 95 F.3d 1320, 1326 (5th Cir. 1996)).
[36] *Guillory v. Domtar Indus. Inc. v. John Deere Co.*, 95 F.3d 1320, 1326 (5th Cir.1996).
[37] *Smith*, 2012 WL 6162757, at *3.

the court must be vigilant to draw *every* reasonable inference from the evidence in the record in a light most flattering to the nonmoving party. Summary judgment, to be sure, may be appropriate, '[e]ven in cases where elusive concepts such as motive or intent are at issue, ... if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'[38]

The summary judgment evidence before the Court in support of intent to deceive is: Thomas allegedly filled out the application purporting to be Murphy; Thomas allegedly made knowing misrepresentations about Murphy's health; and Thomas allegedly made knowing misrepresentations about other life insurance in place on Murphy.[39] The summary judgment evidence against a finding of intent to deceive is limited to statements from Thomas' deposition including: Alfred filled out the application, including signing Murphy's name; Alfred glossed over the health questions and Thomas glanced at them, but he did not think they applied to Murphy because he was 20 years old and in good health; he thought Murphy was not suffering from asthma and ADD anymore; and finally, that in regards to the asthma and ADD diagnoses, "[i]t's not something that I was trying to keep from Mr. Alfred or trying to hide, you know, but just didn't really think about it at the time."[40]

There is a genuine dispute of material fact as to whether Thomas misrepresented with intent to deceive. On the one hand, there is significant circumstantial evidence that he acted with intent; but, on the other hand, he attested that he did not. That testimony, while self-serving, is sufficient at the summary judgment stage to create a genuine issue of material fact as to whether Thomas misrepresented with intent to deceive, and the

---

[38] *Id.* (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir.1991)) (emphasis and alterations in original).
[39] Rec. Doc. No. 35, pp. 7–11; Rec. Doc. No. 22-1, pp. 33–44.
[40] Rec. Doc. No. 21-2, pp. 12–15.

court cannot make credibility determinations on summary judgment. As such, there are genuine issues of material fact that prevent a finding on Ameritas' entitlement to the affirmative defense.

## IV.     CONCLUSION

For the foregoing reasons, both parties' *Motions*[41] are **DENIED**.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 4, 2021</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[41] Rec. Doc. No. 22; Rec. Doc. No. 21.

65799